IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAURIE GLOECKL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 2:05cv1431 |
| GIANT EAGLE, INC., | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court for consideration and disposition are Defendant's MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, with brief in support (*Document Nos. 5 & 6*), and PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT (*Document No. 8*). The issues have been fully briefed, and the matter is ripe for disposition. For the reasons that follow, Defendant's Motion to Dismiss will be granted and Plaintiff's Complaint will be dismissed with prejudice.

**I.   Background**

This is the second of two federal employment discrimination actions concerning the termination of Plaintiff Laurie Gloeckl ("Plaintiff") by Defendant Giant Eagle, Inc. ("Defendant"). Beginning in 1990, Defendant employed Plaintiff in various positions, including the bakery department, the floral department and the human resources department. Complaint at ¶ 1. Plaintiff suffered a non work-related injury that culminated in her permanent absence from work beginning October 15, 1999. Report and Recommendation ("R & R"), Civil Action No. 03-550, Document No. 30 at 6. On August 16, 2001, when Plaintiff sought to return to work under a twenty-hour restriction, Defendant informed her that she could not return to work in any capacity. *Id*. at 9. Defendant declined to reconsider its earlier decision

and subsequently did not respond to Plaintiff's written requests to return to work. *Id*. at 10-11, 13-14.

On August 15, 2002, Plaintiff filed a complaint of discrimination with the Equal Opportunity Employment Commission ("EEOC"), which was dismissed as untimely. Complaint at ¶ 15; R & R at 14. On April 1, 2003, Plaintiff filed a one-count Complaint in the U.S. District Court for the Western District of Pennsylvania. *See* Complaint at Civil Action No. 03-550 (the "First Complaint"). The action was assigned to this member of the Court, and was referred to Magistrate Judge Lisa Pupo Lenihan.

Plaintiff alleged in the First Complaint that Defendant failed to provide her with a reasonable accommodation when Defendant did not allow her to return to work on a part-time basis, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"). First Complaint at ¶¶ 10-13. After discovery was complete, Defendant moved for summary judgment. Among other arguments, Defendant contended that Plaintiff's EEOC complaint was untimely. When Plaintiff alleged that she continued to be Defendant's employee (on a "leave of absence"),[1] Defendant averred that Plaintiff had been terminated nearly 8 months earlier, on April 28, 2004.[2] Judge Lenihan addressed the issue of Plaintiff's "official" termination in the context of determining whether Plaintiff had or had not returned to working for Defendant:

> Defendant contends Plaintiff was separated from her employment on April 28, 2004. Plaintiff disputes this and submits that Plaintiff remains an employee on a leave of absence and in support thereof, cites generally to her personnel file. The Court has reviewed [the documents referenced by Plaintiff] and has not found any support for Plaintiff's position contained therein.

R & R at 6 n. 7 (internal citations omitted). Thus, although Plaintiff had not worked since October of 1999, and was informed that she could not return to work on August 16, 2001, she was not "officially" separated from her employment until April 28, 2004.

---

[1] *See* Plaintiff's Response to Defendant's Statement of Undisputed Facts, p. 9, ¶ 1, Civil Action No. 03-550, Document No. 22.

[2] *See* Defendant's Response to Plaintiff's Statement of Material Facts, ¶ 1, Civil Action No. 03-550, Document No. 27.

The Court adopted Judge Lenihan's Report and Recommendation as its own opinion and granted summary judgment on the basis that Plaintiff's EEOC complaint was untimely. Memorandum Order, Civil Action No. 03-550, Document No. 33. Plaintiff appealed and on April 20, 2006, the Third Circuit affirmed the grant of summary judgment. In deciding whether Plaintiff's charge of discrimination was timely filed, the Third Circuit made the following determination:

> We are convinced that the alleged discriminatory practice took place when the company denied Gloeckl's request to be transferred to a part-time position on August 16, 2001. As aptly stated by the District Court, "such an action was, in effect, equivalent to a termination of her employment. Therefore, [Gloeckl's] subsequent requests for reconsideration of [Giant Eagle's] decision not to allow her to return to work in any capacity had no effect on tolling the statute of limitations." App. vol. 1, at 28. In this context, Gloeckl failed to file a timely charge of discrimination.

Third Circuit Opinion at 4.

On February 16, 2005, prior to the disposition of her first case in this Court, Plaintiff filed a second charge of discrimination with the EEOC which alleged that she was unlawfully terminated on April 28, 2004. Complaint at ¶ 21. The EEOC dismissed her charge. Plaintiff then filed a second Complaint in this Court (the instant Complaint) which alleges that she was terminated on April 28, 2004 due to her disability, in violation of both the ADA and the Rehabilitation Act of 1973 (Count I). The instant Complaint also alleges that "the action taken by Giant Eagle in terminating Ms. Gloeckl's employment after being considered a current employee for a three-year span of time while on leave of absence for her disability was in direct retaliation for filing suit against her employer," in violation of the ADA and the Rehabilitation Act (Count II). Complaint at ¶¶ 37-38. Finally, Plaintiff alleges an unlawful failure to transfer, in violation of the ADA and the Rehabilitation Act (Count III). Specifically, Plaintiff alleges at Count III that despite "numerous requests for accommodations, defendant refused to grant plaintiff the accommodations necessary for transfer to vacant and funded part-time positions." Complaint at ¶ 42.

Defendant contends in its Motion to Dismiss that Plaintiff's claims are barred by claim preclusion, and that it is not subject to the Rehabilitation Act because it is not a recipient of federal financial assistance. Def's Br. at 5, 7.

## II.   Standard of Review

When considering a motion to dismiss pursuant to Rule 12(b)(6) the Court accepts as true all well-pleaded allegations of fact. *Pennsylvania Nurses Ass'n. v. Pennsylvania State Educ. Ass'n.*, 90 F.3d 797, 799-800 (3d Cir. 1996), *cert denied*, 519 U.S. 1110 (1997). The Court must view all facts, and reasonable inferences based on those facts, in the light most favorable to the non-moving party. *General Motors Corp. v. New A.C. Chevrolet, Inc.*, 263 F.3d 296, 325 (3d Cir. 2001). Dismissal is appropriate only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1411 (3d Cir. 1993).

Generally, "to the extent that [a] court considers evidence beyond the complaint in deciding a 12(b)(6) motion, it is converted to a motion for summary judgment." *Anjelino v. New York Times Co.*, 200 F.3d 73, 88 (3d. Cir. 1999). However, in resolving a 12(b)(6) motion to dismiss, a court may look beyond the complaint to matters of public record, including court files and records, decisions of government agencies and administrative bodies, and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

## III.   Discussion

As mentioned above, Defendant has filed a motion to dismiss Plaintiff's Complaint under Rule 12(b)(6), asserting (1) that all claims in Plaintiff's current action are barred by claim preclusion, and (2) that it is not a recipient of federal financial assistance, a prerequisite

for liability under the Rehabilitation Act. In support of its Motion, Defendant relies on and refers to the record from Civil Action No. 03-550.

      A.      *Claim Preclusion*

The first of Defendant's contentions is that Plaintiff's entire suit is barred under the doctrine of claim preclusion or *res judicata*. The defense of claim preclusion requires a defendant to demonstrate that there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action. *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984) (citations omitted). Significantly, "[c]laim preclusion prevents a party from prevailing on issues he might have but did not assert in a prior action." *Gregory v. Chehi*, 843 F.2d 111, 116 (3d Cir. 1988) (citations omitted). There is no disputing the identity of the parties, or that the prior suit ended in a final judgment on the merits.[3] The question, therefore, is whether this action and the prior action are based upon the same cause of action.

     The cause of action doctrine has evolved considerably over the years. Once, courts defined the action by the existence of a legal wrong:

> The *thing*, therefore, which in contemplation of law as its *cause*, becomes a ground for action, is not the group of *facts* alleged in the declaration, bill, or indictment, *but the result of these in a legal wrong the existence of which, if true, they conclusively evince.*

*Baltimore Steamship Co. v. Phillips*, 274 U.S. 316, 321 (1927) (quoting *Chobanian v. Washburn Wire Company*, 33 R.I. 289, 302) (emphasis in original). This narrow conception of "cause of action" was congruent with the practice of writ-based pleading, which required the presentation of a single legal issue in a suit. *See Williamson v. Columbia Gas & Electric Corp.*, 186 F.2d 464, 469-70 (3d Cir. 1950), *cert. denied*, 341 U.S. 921 (1951) (outlining the development of *res judicata*). "If the theory in the second suit was unavailable under the writ

---

[3].    A grant of summary judgment because a statute of limitations has run is a final judgment on the merits for purposes of claim preclusion. *See Plant v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995).

used in the first suit, the plaintiff had no opportunity to litigate it there and so plaintiff was not barred by *res judicata*." *Id.* at 469.

This view proved unnecessarily narrow as courts abandoned writ-based pleading and embraced the modern system of permissive joinder of claims, liberal amendment provisions, and compulsory counterclaims. *Id.* at 460-70. Accordingly, for the purposes of claim preclusion, a cause of action is now viewed in many jurisdictions as a "transaction," a body of related facts that arise out of a particular event or series of events. *See, e.g., Huck on Behalf of Sea Air Shuttle Corp. v. Dawson*, 106 F.3d 45, 48 (3d Cir. 1997). The Third Circuit has adopted this view, as set forth in Section 24 of the Restatement (Second) of Judgments (1982):

> (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the [rule of claim preclusion], the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
> (2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations. . . ."

*Huck*, 106 F.3d at 48-49 (quoting Restatement (Second) of Judgments § 24 (1982)); *accord CoreStates Bank, N.A. v. Huls America, Inc.,* 176 F.3d 187, 194 (3d Cir. 1999) ("In general, the expression ['transaction'] connotes a natural grouping or common nucleus of operative facts." (quoting Restatement (Second) of Judgments § 24 cmt. b (1982))); *Gregory v. Chehi*, 843 F.2d 111, 117 (3d Cir. 1988) ("'Claim' is defined broadly in transactional terms, regardless of the number of substantive theories advanced in the multiple suits by the plaintiff." (quoting Restatement (Second) of Judgments § 24, cmt. a (1982))).

Therefore, in the Third Circuit, to resolve whether two suits are based on the same cause of action, courts must determine if there is "an essential similarity of the underlying events giving rise to the various legal claims." *CoreStates Bank,* 176 F.3d at 194 (citations omitted); *Davis*, 688 F.2d at 171 (same). This analysis focuses on whether the acts complained of, the material facts alleged, and the witnesses and documentation required to prove such allegations are so closely related in both suits as to constitute a common nucleus of operative

facts. *Compare Athlone*, 746 F.2d at 984 (requiring "same" acts, facts, and documentation) *with Huck*, 106 F.3d at 49 (applying the "transaction" standard of Restatement (Second) of Judgments §§ 24, 25).

Plaintiff attempts to avoid preclusion by contending that her prior "failure to transfer/accommodate" suit and her present "wrongful termination/retaliation/failure to transfer" suit present different causes of action. Pltf's Br. at 4-5. However, that a subsequent suit is based on a different theory of recovery than a prior suit is not determinative. *See Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991) ("A mere difference in the theory of recovery is not dispositive."). Looking instead to the acts complained of, the material facts alleged, the relief sought and the witnesses and documentation required to prove the allegations in both suits, the Court finds an essential similarity of underlying events giving rise to both this action and Plaintiff's prior action. *See id.*

The prior action and the present action arise out of the same basic set of acts and facts, *to wit*, the propriety of Defendant's decision to forbid Plaintiff from returning to work. The principal difference is Plaintiff's attempt to ascribe some legal significance to the "official" termination letter she received from Defendant on April 28, 2004. *See* Complaint at ¶¶ 21, 36. Plaintiff attempts to characterize her April 28, 2004 termination as an event separate from the wrongs suffered in the prior case, which allegedly justifies this separate action. The record from the prior action, however, does not support her position. According to the record, Plaintiff knew of her "official" termination nearly eight months before Defendant moved for summary judgment in the prior case, but did not incorporate the instant allegations into the earlier action.[4] That Plaintiff knew of the alleged wrong long before the disposition of her prior action is not, in itself, fatal to Plaintiff's second action. However, given the nature of Plaintiff's prior claims, her knowledge of the alleged wrong demonstrates that she could and should have incorporated the instant allegations into her prior action.

---

[4]. Plaintiff was "officially" terminated in April 28, 2004, and Defendant moved for summary judgment on July 8, 2004.

As mentioned earlier, both actions are founded on an allegation that Defendant violated Plaintiff's rights by not allowing her to return to work. Most of the evidence necessary to prove Plaintiff's allegedly unlawful termination on April 28, 2004, as well as the allegedly unlawful failure to transfer, would be substantially similar, if not identical, to the evidence required to prove that Defendant discriminated against her by not allowing her to return to work on August 16, 2001. It is also relevant that Plaintiff seeks exactly the same relief in both actions. Indeed, the *ad damnum* clauses in both complaints are identical. First Complaint at 5-6, Complaint at 10-11; *see also Athlone*, 746 F.3d at 984 (considering whether the demands for relief are the same).

Plaintiff's present action is the type of litigation that claim preclusion seeks to prevent. *See Churchill v. Star Enterprises*, 183 F.3d 184 (3d Cir. 1999) ("The purpose of claim preclusion is to avoid piecemeal litigation of claims arising from the same events."). That Plaintiff did not have her "right to sue" letter from the EEOC in time to include her "official" termination in her prior suit does not excuse her, under these circumstances, from the application of claim preclusion. Plaintiff could have filed her second EEOC charge at a time that would have allowed her to incorporate the fact of her "official" termination and all theories of recovery based on that fact into the prior action. Indeed, Plaintiff received notice of her "official" termination on April 28, 2004, but waited until February 16, 2005 (after all of the summary judgment filings had been submitted in the prior action) to file a second charge of discrimination with the EEOC. Complaint at ¶ 21. Plaintiff also could have moved to amend her First Complaint, or moved for a stay of the first action, if she needed additional time to exhaust her administrative remedies. In sum, the claims and/or theories asserted in the present action could have been, but were not, asserted in the prior action. *See Huck*, 106 F.3d at 49 ("[t]he issues that Plaintiff contends were not fully litigated in the earlier action ... could have been properly raised and litigated, ... but were not."); *Lubrizol*, 929 F.2d at 964 (res judicata applies if the party had a "reasonable opportunity" to litigate the new claims) (citation omitted). Therefore, the Court finds and rules that claim preclusion operates as a bar to Plaintiff litigating those claims here.

### B.     Leave to Amend

If a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id.* Even if a plaintiff does not seek leave to amend her complaint after the defendant moves for dismissal, unless the district court finds that amendment would be inequitable or futile, the Court must inform the plaintiff that she has leave to amend the complaint within a set period of time. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002). The district court may dismiss the action if the plaintiff does not file an amended complaint within that time, or if the plaintiff files a notice of her intent to stand on the complaint.

The Court finds and rules that it would be futile to allow Plaintiff to amend her complaint. Plaintiff's claims in the present action share a common nucleus of operative facts with her prior suit and are therefore barred by claim preclusion; an amended complaint could not alter this legal conclusion.

### IV.     Conclusion

For the reasons hereinabove stated, the Court finds that each count of Plaintiff's Complaint is barred by claim preclusion, and therefore fails to state a claim upon which relief can be granted. Accordingly, Plaintiff's Complaint will be dismissed with prejudice. An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAURIE GLOECKL, | ) |
| Plaintiff, | ) |
| v. | ) 2:05cv1431 |
| GIANT EAGLE, INC., | ) |
| Defendant. | ) |

### ORDER OF COURT

AND NOW, this 28th day of April, 2006, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED, and DECREED** that the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim Upon Which Relief Can be Granted filed by Defendant Giant Eagle, Inc. (*Document No. 5*) is GRANTED, and that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.** The clerk shall docket this case as closed.

BY THE COURT

s/ Terrence F. McVerry
United States District Court Judge

cc:    Gregory G. Paul, Esquire
       Email: gpaul@peircelaw.com

       Elly M. Heller-Toig, Esquire
       Email: ehtoig@marcus-shapira.com

       Susan Gromis Flynn, Esquire
       Email: sgflynn@marcus-shapira.com

       Terrence M. Lewis, Esquire
       Email: tlewis@marcus-shapira.com